IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

                          Plaintiff,

        v.                                                    OPINION and ORDER

RACINE CNTY. SHERIFF JOHN DOE, CAPTAIN                        25-cv-392-jdp
FLIEND, RACINE CNTY. JAIL PSU DR. DOE, SGT.
JOHN/JANE DOE, and CO JOHN/JANE DOES 1–4,

                          Defendants.

---

Plaintiff Julian R. Blackshear, proceeding without counsel, alleges that staff at Racine County Jail (RCJ) disregarded the risk that he would cut himself and failed to get him prompt medical attention after he committed that act. I take Blackshear to bring an Eighth Amendment claim based on conscious disregard of health and safety.

Blackshear proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Blackshear's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Blackshear to amend the complaint to fix the problems identified in this order. I will also deny Blackshear's motion for emergency injunction and I will rule on his other pending motions.

ALLEGATIONS OF FACT

Blackshear's unsteady handwriting has made it hard for me to discern some of his allegations. Blackshear should make greater efforts to write neatly in any future submission. From his complaint, I can discern the following factual allegations, as supplemented by information from the Department of Corrections Offender Detail page.

Blackshear has been in DOC custody since at least February 2022. Blackshear has mental health problems, including a "severe . . . history" of cutting himself. Dkt. 1 at 2. Blackshear was transferred from Wisconsin Resource Center to RCJ in connection with a court case from June 23–30, 2022, and on August 5, 2022.

When Blackshear arrived at RCJ, he was placed in an observation cell directly in front of the staff station. A razor and other contraband were in Blackshear's cell. "Already stressed," Blackshear cut himself from the wrist to elbow on at least one arm. RCJ staff "did not do anything" and Blackshear lay bleeding in his cell for 20 minutes. Dkt. 1 at 3.

A staff member eventually saw Blackshear, after which he was rushed to the hospital. Blackshear has multiple visible scars on his arms, legs, buttocks, and neck.

ANALYSIS

**A.  Screening the complaint**

Blackshear brings an Eighth Amendment claim based on conscious disregard of health safety, and he seeks damages.

I begin with some general principles of pleading. Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary

purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint based on a theory of collective responsibility must be dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

The legal standard governing Blackshear's claim derives from the Eighth Amendment, which prohibits prison officials from consciously disregarding an excessive risk to prisoner health or safety, including serious acts of self-harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019). To state a claim based on conscious disregard of health or safety, Blackshear must plausibly allege that (1) he faced an objectively serious risk of harm that (2) defendants consciously disregarded. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). I will assume for purposes of this order that Blackshear's long history of cutting himself posed an objectively serious risk of harm. And it's at least plausible that Blackshear had an objectively serious need for prompt medical attention after he cut himself. The issue is whether Blackshear has plausibly alleged that specifically identified defendants consciously disregarded the risk that he would cut himself, or his need for prompt medical attention after he committed that act.

Blackshear's allegations have two general problems. First, Blackshear does not allege dates, or reasonable date ranges, for the events on which he bases his claim. I filled in some of the missing dates by considering publicly available information, but it's still unclear when the events on which Blackshear bases his claim occurred. Second, and more significantly, Blackshear tries to proceed on a theory of collective responsibility by attributing the events on which he bases his claim to each defendant. But it's implausible from the general context of the complaint that each defendant participated in each act or omission on which Blackshear bases his claim.

I turn to more specific pleading problems. Blackshear faults defendants for leaving a razor in his cell, but he hasn't alleged any facts plausibly suggesting that any defendant realized that a razor was in his cell, much less that he would use it to cut himself. Blackshear's allegation that he had multiple visible scars alone doesn't support that inference.

Blackshear also faults defendants for ignoring him while he lay bleeding. Individual liability under 42 U.S.C. § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Blackshear hasn't identified which defendant, if any, ignored him. Blackshear's allegation his cell was directly in front of the staff station, without more factual support, doesn't suggest that any defendant realized that Blackshear had cut himself and failed to act.

## B. Motion for emergency injunction

In his motion, Blackshear seeks transfer to a new facility based on allegations that staff at his current prison, Columbia Correctional Institution (CCI), keep giving him sharp objects. Blackshear also asks me to enjoin CCI staff from interfering with his property and legal papers, which he contends has stopped him from doing legal work. Blackshear filed an identical motion

4

that I denied in two other cases. *Blackshear v. CCI Warden John Doe*, 25-cv-388-jdp, Dkt. 15; *Blackshear v. Stange*, 25-cv-394-jdp, Dkt. 15.

A plaintiff seeking emergency injunctive relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of that relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Democratic Nat'l Comm. v. Bostelmann*, 447 F. Supp. 3d 757, 765 (W.D. Wis. 2020) (stating that the standard for determining whether a temporary restraining order or preliminary injunction is appropriate is the same). A party must show a relationship between the injunctive relief sought and his claims. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

I will deny Blackshear's emergency motion for similar reasons as the '388 and '394 cases. Blackshear's request to enjoin prison staff from interfering with his ability to do legal work is unrelated to Blackshear's claims. Furthermore, Blackshear hasn't explained how the alleged interference with his property and legal papers has frustrated his ability to litigate this case. I will not allow Blackshear to proceed on this request.

Blackshear requests transfer to a new facility based on his allegations that CCI staff keep giving him sharp objects. Specifically, Blackshear alleges that a staff member recently gave him scissors that he ended up swallowing, which caused his hospitalization. Blackshear's complaint in this case involves past conduct by staff at RCJ, so he hasn't shown a relationship between his claims in this case and the emergency injunctive relief that he seeks.

## C. Motion to appoint counsel

Blackshear asks me to appoint him counsel. Litigants in civil cases don't have a constitutional right to counsel, and I lack the authority to appoint counsel to plaintiffs

5

proceeding without counsel in civil matters. Rather, I can only assist Blackshear in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc). I will interpret Blackshear's motion to appoint counsel as a motion for assistance in recruiting counsel.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire counsel, 28 U.S.C. § 1915(e)(1); (2) he's made reasonable efforts on his own to find counsel, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it without counsel, *Pruitt*, 503 F.3d at 655. Blackshear has met the first requirement. The issue is whether he has met the second and third requirements.

Regarding the second requirement, I usually require plaintiffs to submit letters from at least three attorneys to whom they've written and who've refused to take the case. Blackshear has submitted a letter from only one attorney who's refused to take his case. And the letter is from December 2024, so it's unclear that Blackshear was seeking the attorney's representation for the matters in this case. Blackshear hasn't met the first requirement.

On the third requirement, Blackshear hasn't shown that this case involves issues that are too complex for him to handle without counsel. Blackshear's only task at this stage is to state a plausible claim for relief, which is not a high bar. This order provides instructions on the shortcomings of his complaint, and Blackshear should be able to address those shortcomings if there is factual support for his potential claims. Also, Blackshear has shown that he has the necessary knowledge and skill to state a plausible claim for relief because he managed to do that in the '388 case. I will deny Blackshear's request for court assistance in

recruiting counsel, but without prejudice to his right to seek this relief in an appropriate motion if the case ultimately passes screening.

**D. Motion to reopen cases and unfreeze prison trust account**

I will deny this motion for the same reasons that I denied an identical motion in the '388 and '394 cases. I cannot order another federal court to reopen a case that it has closed. Blackshear is free to raise his concerns in the Eastern District of Wisconsin or the court of appeals. I will deny Blackshear's request to unfreeze his prison trust account for similar reasons. I did not enter the order to freeze his trust account; a judge in the Eastern District did that. Blackshear should direct his concerns to that judge or the court of appeals.

CONCLUSION

Blackshear hasn't stated a plausible Eighth Amendment claim based on conscious disregard of health or safety, but I will allow him to file an amended complaint to fix the problems with that claim. In drafting his amended complaint, Blackshear should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his Eighth Amendment rights. Blackshear must take care to allege what each defendant did, or failed to do, to violate his Eighth Amendment rights.

- Blackshear should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Blackshear believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

## ORDER

IT IS ORDERED that:

1. Plaintiff Julian R. Blackshear's complaint, Dkt. 1, is DISMISSED for failure to state a claim for which I could grant relief.

2. Plaintiff may have until October 15, 2025, to submit an amended complaint that fixes the problems identified in this order with his claim based on conscious disregard of health and safety. Plaintiff may not bring any other claims in the amended complaint.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

5. Plaintiff's motion for emergency injunction and motion to appoint counsel, Dkt. 6, is DENIED in part and DENIED without prejudice in part.

6. Plaintiff's motion to reopen cases and unfreeze prison trust account, Dkt. 5, is DENIED.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered September 15, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge