IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

               Plaintiff,

  v.

JOHN DOE RACINE COUNTY SHERIFF, CAPTAIN
FRIEND, RACINE COUNTY JAIL PSU DR.,
JOHN/JANE DOE SRG., JOHN/JANE DOE CO 1–4,

               Defendants.

OPINION and ORDER

25-cv-392-jdp

---

Plaintiff Julian R. Blackshear, proceeding without counsel, alleged that staff at Racine County Jail (RCJ) disregarded the risk that he would cut himself and failed to get him prompt medical attention after he committed that act. Blackshear brought an Eighth Amendment claim based on conscious disregard of health and safety. I dismissed Blackshear's complaint for failure to state a claim for which I could grant relief, but I allowed him to amend the complaint to fix that problem. Dkt. 15.

Blackshear's amended complaint, Dkt. 17, is similar to the original complaint. Blackshear alleges that staff at RCJ knew that he was a suicidal prisoner and housed him in an observation cell for that reason. Blackshear also alleges that defendants didn't have the cell cleaned before he was placed in it, and that he cut himself with a razor that he found in the cell. In addition, Blackshear alleges that defendants didn't stop him from cutting himself even though they could see him from their monitoring station. Blackshear adds that he was taken to the emergency room after he cut himself. I take Blackshear to bring an Eighth Amendment claim based on conscious disregard of safety.

Blackshear hasn't fixed the problems with the original complaint and has failed to state a facially plausible claim based on conscious disregard of safety. As with the original complaint, Blackshear does not allege reasonable date ranges for the events on which he bases his claim, and he mostly tries to proceed on a theory of collective responsibility.

The amended complaint has more specific pleading problems. Blackshear's vague allegations fail to plausibly suggest that any named defendant was responsible for having the observation cell cleaned. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). Even if any defendant had that responsibility, Blackshear's vague allegations don't plausibly suggest that the defendant realized that not having the cell cleaned would cause a razor to be left in the cell. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official must actually draw the inference that a substantial risk of harm existed to be liable under the Eighth Amendment). By the same token, Blackshear's vague allegations don't plausibly suggest that any defendant realized that he had a razor and would cut himself with it.

Blackshear alleges that the defendants who were monitoring his cell did not stop him from cutting himself even though they could see him. But Blackshear acknowledges that he was taken to the emergency room after he cut himself. Blackshear's claim appears to be that defendants did not respond quickly enough once he started to cut himself. Blackshear hasn't alleged any facts plausibly suggesting that to be the case. Blackshear doesn't allege even generally that defendants intentionally stood by even though they could have acted sooner. I will not allow Blackshear to proceed on his Eighth Amendment conscious-disregard-of-safety claim.

I will dismiss the complaint with prejudice for failure to state a claim for which I could grant relief. I will also direct the clerk of court to record a strike pursuant to 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Julian R. Blackshear's amended complaint, Dkt. 17, is DISMISSED with prejudice for failure to state a claim for which I could grant relief.

2. A strike is to be recorded under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered October 28, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge